## Case No. 3,897.

### DICKINSON v. The CATHARINE.

[29 Hunt, Mer. Mag. 458.]

District Court, S. D. New York. June 13, 1853.[1]

DAMAGES OCCASIONED BY COLLISION AT SEA.

[Schooner sailing free at night on the larboard tack without a lookout *held* solely in fault for failure to keep out of the way of a schooner approaching closehauled on the starboard tack.] [See note at end of case.]

[This was a libel by Noah Dickinson and others, owners of the schooner San Louis, against the schooner Catharine (Starks W. Lewis and others, claimants), to recover damages for a collision between the two vessels.]

D. D. Field, for libelant.

Betts & Donohue, for claimants.

Before NELSON, Circuit Justice.

This was a suit to recover damages occasioned by a collision between the libelant's vessel, the schooner San Louis, and the schooner Catharine, which occurred on the evening of April 21, 1852, about 25 miles south of Sandy Hook. The San Louis was bound from New York to Philadelphia with a cargo of stone, and was closehauled on her starboard tack, steering S. or S. by W., and about four or five miles from shore, the wind being about S. W. by W., and the night clear enough to distinguish vessels at about a mile distant. She had a look-out and a man at the wheel, but no light. The Catharine was bound into New York on her larboard tack, with a free wind, with no lookout, but with a light, and just before the collision there had been no one at the wheel; and she did not discover the San Louis till she was within half a mile. Held, that under these circumstances, and under the rules

---

[1] [Reversed in 17 How. (58 U. S.) 170.]

of navigation laid down by the United States supreme court, in the case of St. John v. Pain, 10 How. [51 U. S.] 557, it was the duty of the Catharine to have avoided the collision, and that no fault was discoverable on the part of the San Louis. Decree for the libelants, with a reference to ascertain their damages.

[NOTE. The decree was affirmed by the circuit court, on claimant's appeal. They then took an appeal to the supreme court, where the decree was reversed. The supreme court found on the evidence that the San Louis luffed on first seeing the Catharine, thus violating her duty to hold her course, and placing herself in fault; but that the Catharine was also in fault for failing to keep a lookout; and that the damages should be divided between them. The Catharine v. Dickinson, 17 How. (58 U. S.) 170.]